**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Ella Lane et al., | ) |
| | ) |
| Plaintiffs. | ) |
| | ) |
| v. | ) |
| | )   Case No.  1:14-cv-1316 (RDM) |
| The District of Columbia, et al. | ) |
| | ) |
| Defendants. | ) |

## **TIMELINE OF EFFORTS TO OBTAIN JOHN DOE IDENTITIES**

Reproduced below is a timeline of relevant events in the history of this case concerning the production of documents to assist in identifying the John Doe Defendants.  Within several days of the filing of this lawsuit on August 4, 2014, counsel for the Office of Attorney General agreed to assist the Plaintiffs in determining which officers were involved in the home raids that are the subject of this litigation.  The following timeline describes developments subsequent to that agreement:

- On August 22, counsel for the Defendants represented the following to the Plaintiffs: "I will provide you ASAP roll call sheets for each District/ Unit on the dates of the allegations.  This will provide you an idea of who was potentially present.  This should allow you to quickly take steps to determine if you want to name anyone else."
- On August 28, the Plaintiffs asked counsel for the Defendants in writing about the status of these documents.
- On September 2, still without a response, Plaintiffs' counsel renewed the request concerning these documents and asked for a response immediately that day.[1]
- On September 3, counsel for the Plaintiffs again wrote to inquire about the status of the documents.
- On September 3, counsel for the Defendants responded and apologized for the delay and stated that the Defendants were in the process of obtaining the information to provide.
- On September 5, the Defendants sought a second continuance from the Court to respond to the Complaint.  That motion included the statement that the Plaintiffs did not oppose the request provided that the documents would be provided prior to September 9 and that the documents had been promised prior to the *previous* two-week extension sought by the Defendants.  Given those representations about the parties' consent, the motion was granted by the Court.

---

[1] Several oral requests were made in addition to the written requests described here.

- On September 10, the Plaintiffs contacted the Defendants because the documents had not been provided by September 9. The Defendants responded that they "did not have an estimate" on how much longer it would take to obtain the information.
- On September 12, the Defendants sent to Plaintiffs what it styled as an incomplete list of officers participating in the warrant raid based on interviews that the parties agreed the Defendants would conduct. Defendants still did not produce the requested documents.
- On October 27, the Plaintiffs wrote again to the Defendants to inquire as to the status of the documents. The Plaintiffs requested a meeting to discuss the issue. It was, by that time, over two months since the Defendants agreed to provide the documents ASAP.
- On October 29, the Plaintiffs again contacted the Defendants because the Defendants had not responded to the October 27 request for a meeting.
- On November 17, the Plaintiffs wrote yet again to the Defendants to inquire about the Defendants' non-responsiveness and addressed the troubling conduct of the Defendants in light of the August agreement to produce the documents.
- On November 18, the Defendants responded, calling their failure a "misunderstanding" and stating that they were "following up with our client" regarding the documents. Nearly three months had passed since those documents were promised "ASAP." The Defendants also suggested that they would desire a protective order for the documents. The Plaintiffs responded immediately consenting to any putative protective order and requesting the status of the documents by the end of that week.
- On November 21, at the close of business, the Plaintiffs wrote to the Defendants stating that the Defendants had not responded to the request. The Plaintiffs asked the Defendants to respond so that the parties could discuss the matter.
- On December 3, Plaintiffs requested a formal discovery conference. In response, the Defendants stated that they felt no need for a discovery conference at this time.
- On December 4, Defendants sent Plaintiffs a document that purported to list all officers who were on duty in the police district at the time of the raid, but Defendants did not provide a list of the officers who participated in the conduct alleged in the Complaint. Defendants stated that this is all the information they would "voluntarily" provide.
- On December 7, Plaintiffs sent an interrogatory and a request for production of documents requesting the identities of the John Doe Defendants.
- On January 7, 2015, the 30 day responses date for responses passed for both the interrogatories and the request for production of documents.
- As of this date—20 days after the responses were due, and nearly 4 months after the initial conference granting a continuance—a complete list of John Doe Defendants has still not been identified.